# Exhibit 8

# CONFIDENTIALITY AND
# NON-SOLICITATION AGREEMENT

THIS AGREEMENT dated this _19th_ of December, 2000, between First Tennessee Brokerage, Inc. ("First Tennessee"), and _Christopher G Frank_, ("Investment Officer"). In consideration of their mutual covenants and undertakings the parties agree as follows:

1. Investment Officer represents and warrants that he/she is not subject to an Employment Agreement or Non-Compete or Non-Solicitation Agreement which would prevent him/her from entering into this Agreement or performing his/her duties and obligations as an Investment Officer.

2. Investment Officer will be and is entrusted with certain information related to First Tennessee, its affiliates, its operations, policies, and customers. Investment Officer acknowledges that all such information including and material, records or information created by Investment Officer, is confidential information and is the property of First Tennessee and/or its affiliates ("Confidential Information") and that such Confidential Information may not be used by Investment Officer for any purpose other than for business purposes of First Tennessee.

3. Investment Officer further agrees that in the event his or her termination by First Tennessee or its affiliates is terminated by either party for any reason, Investment Officer shall not, for a period of one (1) year after such termination, directly or indirectly, as an individual or on behalf of any other person or organization: (i) except for customers listed on Exhibit A, solicit or contact in any manner, for the purpose of the providing of financial products or services, any person who is a customer of First Tennessee; (ii) except for customers listed on Exhibit A, offer to provide or sell any financial service or product to any such person or to any other person with whom the Investment Officer came in contact during the course of Investment Officer's employment by First Tennessee; (iii) induce or attempt to induce any such person to surrender or otherwise terminate or sell any financial service or product purchased or obtained through First Tennessee; (iv) disparage First Tennessee or any of its employees, representatives, services or products; or, (v) induce or attempt to induce or encourage any employee or contractor of First Tennessee to leave his/her position or seek employment with any person or entity other than First Tennessee.

Confidentiality and Non-Solicitation Agreement
Page 2

4. It is specifically agreed that if Investment Officer breaches or threatens to breach any of the obligations set forth in Paragraphs 2 or 3 hereof, in addition to other remedies available to First Tennessee, Investment Officer agrees that First Tennessee, at its sole election, shall be entitled to either or both of the following remedies: (i) injunctive relief preventing Investment Officer from breaching or continuing to breach any such obligation; or (ii) the recovery from Investment Officer of liquidated damages equal to fifty percent (50%) of all commissions or other compensation received or receivable by Investment Officer from the sale of any financial service or product in breach thereof.

5. In the event First Tennessee retains an attorney or takes any action to enforce Investment Officer's obligations under this Agreement, Investment Officer shall reimburse First Tennessee for attorneys' fees and all expenses incurred.

6. If any court or self-regulatory organization having jurisdiction over Investmint Officer and First Tennessee determines that any provision of this Agreement is contrary to public policy or unreasonably broad, then the provisions of this Agreement shall be enforced in such a manner an to such extent as may be determined to be reasonable by such court or self-regulatory organization.

7. This Agreement shall not be construed as an agreement to employ Investment Officer for any specified time period.

8. This Agreement shall be construed in accordance with the laws of the state of Tennessee.

9. This Agreement may not be amended except in writing signed by the parties hereto.

10. Any claim, dispute or controversy under this Agreement shall be subject to arbitration under the rules of the National Association of Securities Dealers.

FIRST TENNESSEE BROKERAGE, INC.

BY: _____

TITLE: _____PRESIDENT_____

INVESTMENT OFFICER

BY: _____

PRINT NAME: _Chris Frank_