UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| FIRST HORIZON BANK and <br> FIRST HORIZON CORPORATION, <br><br>     *Plaintiffs*, <br><br> v. <br><br> CHRISTOPHER GEORGE FRANK, <br><br>     *Defendant*. | Case No. 1:22-cv-223 <br><br> Judge Atchley <br><br> Magistrate Judge Steger |

## AGREED FINAL JUDGMENT OF PERMANENT INJUNCTION

Now before the Court is the parties' Stipulation for Entry of Agreed Final Judgment of Permanent Injunction. [Doc. 59.] Plaintiffs First Horizon Bank and First Horizon Corporation ("First Horizon") have filed a Verified Complaint for preliminary and permanent injunctions, monetary relief, and other relief in this matter ("Complaint"), pursuant to 18 U.S.C. § 1831, *et seq.*, Tenn. Code Ann. § 47-25-1701, *et seq.*, Fed. R. Civ. P. 65, and Tennessee common law, against Defendant Christopher Frank ("Frank"). [Doc. 1.]

Frank, in the interest of resolution, has agreed to settle and resolve this litigation, and consents to entry of this Agreed Final Judgment of Permanent Injunction and dismissal with prejudice of all claims asserted in the Complaint.

Plaintiffs and Defendant waive the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure.

Frank enters this Agreed Final Judgment of Permanent Injunction voluntarily and waives any right he may have to appeal from the Agreed Final Judgment of Permanent Injunction.

Frank consents to entry of this Agreed Final Judgment of Permanent Injunction without further notice, and agrees that this Court shall retain jurisdiction for the purpose of implementing and enforcing this Agreed Final Judgment of Permanent Injunction.

**THEREFORE**, and pursuant to the parties' Stipulation for Entry of Agreed Final Judgment of Permanent Injunction, it is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Court has jurisdiction over this action pursuant to 18 U.S.C. § 1836 and 28 U.S.C. § 1331, and supplemental jurisdiction over First Horizon's state law claims under 28 U.S.C. § 1367.

2. The Court finds that First Horizon has alleged certain conduct by Frank that is the basis of First Horizon's claims against Frank, including that Frank breached his contractual obligations to First Horizon, misappropriated trade secrets, and tortiously interfered with First Horizon's business relations.

3. Frank acknowledges that he engaged in the following conduct in connection with his departure: (i) while employed at First Horizon Advisors, Inc., accepting a position with Pinnacle Bank and facilitating and supporting members of the Frank Group (David Buntin, Kelsey Ridge, Teya Richardson, Thomas "Trip" Butler, III, and Wesley Terwilleger), Chris Evans, Cheryl Garner, and Erik Garkovich to resign from First Horizon and work for Pinnacle Bank; (ii) engaging, in coordination with other members of his team, in various efforts during business hours to transition from employment with First Horizon to employment with Pinnacle Bank while still employed with and receiving compensation from First Horizon; (iii) agreeing to the removal of a First Horizon Advisors, Inc. binder that was located in First Horizon's offices containing information regarding First Horizon clients including usernames, passwords, and other login information for banking, credit, and other financial institutions, along with other documents and information about clients of First Horizon, and/or its affiliates, which was later returned to First

Horizon following a request from its counsel: and (iv) contacting customers of First Horizon Advisors, Inc. immediately following his resignation from First Horizon Advisors, Inc. and transferred their business to Pinnacle Bank.

4. The Court finds that, in the interest of compromise and settlement, and a desire to resolve this litigation, Frank has consented to the entry of judgment for injunctive relief pursuant to Fed. R. Civ. P. 65.

5. Frank is restrained and enjoined, for a period between the entry of this Agreed Final Judgment of Permanent Injunction and August 11, 2023, from directly or indirectly, individually or through his agents or others acting in concert or participating with him or his agents, including but not limited to the former employees of First Horizon Advisors, Inc. identified in paragraphs 26 through 30 of the Complaint, (i) communicating with any employee of First Horizon Bank or First Horizon Advisors, Inc. regarding their employment with First Horizon Bank or First Horizon Advisors, Inc. or the possibility of employment with any other bank or brokerage, including, but not limited to Pinnacle Bank or Raymond James or (ii) initiating, except as specifically set forth below in this Section 5, contact with any client or customer of First Horizon Bank or First Horizon Advisors, Inc. with whom Frank or the members of the Frank Group (as identified and defined in paragraphs 26 through 28 of the Complaint) had a relationship while Frank was employed by First Horizon Advisors, Inc. for the purpose of soliciting or inquiring about moving their banking, investment, or other financial services business away from First Horizon Bank or First Horizon Advisors, Inc. and to any other bank or brokerage, including, but not limited to, Pinnacle Bank or Raymond James. Notwithstanding the foregoing, Frank and members of the Frank Group may mail or email a written notice, attached hereto as Exhibit 1, to their former customers at First Horizon to announce their departure from First Horizon and their employment with Pinnacle Bank,

3

and may initiate contact with former customers at First Horizon who have transferred their business to Pinnacle Bank.

6. First Horizon and First Horizon Advisors, Inc. shall comply with their obligations under FINRA rules and regulations.

7. Frank is restrained from using, disclosing, or transmitting for any purpose First Horizon's Corporate Information, as that term is defined in First Horizon's *Matter of Principles* [Doc. 1-2];

8. Frank is restrained from using and, to the extent he has not already done so, he is required to return and to cause members of the Frank Group to return to First Horizon, all Confidential Information (as defined in paragraph 21 of the Complaint) and any other document and information relating to or derived from First Horizon's business or customers, including, but not limited to, documents, materials, and confidential and proprietary data and information pertaining to First Horizon or to customers of First Horizon and/or First Horizon Advisors, Inc.

9. This Agreed Final Judgment of Permanent Injunction shall remain binding and in full force and effect according to its terms, including following the completion of the pending merger between First Horizon Corporation and TD Bank Group. Following the completion of such merger, this Agreed Final Judgment of Permanent Injunction shall be enforceable by or against First Horizon's lawful successor(s).

10. Upon entry of this Agreed Final Judgment of Permanent Injunction, all claims asserted in this action are and shall be dismissed with prejudice.

11. The Court shall retain jurisdiction of this action for the purposes of implementing and enforcing this Agreed Final Judgment of Permanent Injunction.

There being no reason for delay, the Clerk is directed to enter this Agreed Final Judgment of Permanent Injunction forthwith.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**